**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Allen Poyson,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　Respondents. | No. CV-04-0534-PHX-NVW<br><br><u>DEATH PENALTY CASE</u><br><br>**ORDER** |

Before the Court is Petitioner's Rule 59(e) Motion to Alter or Amend the Judgment. (Dkt. 77.) On January 20, 2010, the Court denied Petitioner's amended habeas corpus petition, granted a certificate of appealability with respect to three claims, and entered judgment. (Dkts. 75, 76.) In the present motion, Petitioner asks the Court to alter or amend its judgment with respect to two claims.

**DISCUSSION**

A motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure is in essence a motion for reconsideration. Such a motion offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000). The Ninth Circuit has consistently held that a motion brought pursuant to Rule 59(e) should only be granted in "highly unusual circumstances." *Id.*; *see 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999). Reconsideration is appropriate only if (1) the court is

presented with newly discovered evidence, (2) there is an intervening change in controlling law, or (3) the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not a forum for the moving party to make new arguments not raised in its original briefs, *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988), or to ask the court to "rethink what it has already thought through," *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (quotation omitted).

Petitioner asserts that the Court committed clear error in denying Claim 7(A) on the merits and Claim 22 as procedurally barred. The Court disagrees.

**Claim 7(A)**

Petitioner alleged that appellate counsel performed at a constitutionally ineffective level by failing to raise a challenge to the trial court's voir dire procedures, including the court's refusal to allow defense counsel to question individual jurors outside the presence of the panel. This Court rejected the claim, finding that Petitioner could not show prejudice from appellate counsel's failure to raise the issue because the Arizona Supreme Court, as noted by the trial court on post-conviction review, had rejected a similar challenge to the voir dire process in *State v. Trostle*, 191 Ariz. 4, 951 P.2d 869 (1997).

Petitioner argues that the Court clearly erred in relying on *Trostle* when denying this claim. According to Petitioner, because trial counsel in *Trostle* did not object to the voir dire process, the claim was waived and therefore was subject to fundamental error review by the Arizona Supreme Court. By contrast, Petitioner's counsel did raise objections to the trial court's refusal to allow individualized voir dire, so if appellate counsel had raised the claim on appeal it would have been reviewed simply for error. In support of this argument, Petitioner relies on *State v. Blakley*, 204 Ariz. 429, 434-35, 65 P.3d 77, 82-83 (2003), in which the Arizona Supreme Court found that the trial court erred in failing to allow defense

counsel to ask follow-up questions of individual jurors. Reversing on other grounds, the court found it unnecessary to address whether the defendant was entitled to relief based on the inadequate voir dire.[1] *Id.* at 435, 65 P.2d at 83.

The Court finds Petitioner's argument unpersuasive. First, Petitioner's reading of *Trostle* is tendentious. In *Trostle*, the Arizona Supreme Court, while finding that the claim was waived based on trial counsel's failure to object to the judge's voir dire procedures, further explained: "Waiver aside, the court did not abuse its discretion. None of the jurors exhibited a closed mind. All stated that they could follow the court's instructions and decide the case on the evidence." 191 Ariz. at 12, 951 P.2d at 877. Therefore, no matter what standard of review it applied, the court in *Trostle* found that the voir dire process, though it could have been "more extensive" and used "other techniques," did not deprive the defendant of a fair jury. *Id.* In Petitioner's case, the record likewise shows that the jurors chosen following similar voir dire procedures did not exhibit partiality but instead indicated that they could follow the court's instructions and decide the case on the evidence. In addition, it was the holding in *Trostle*, not *Blakley*, decided three years after Petitioner's appeal, which appellate counsel had to take into account when choosing which claims to raise. Finally, the ruling in *Blakley*, which made no determination as to whether the trial court's deficient voir dire procedures entitled the defendant to relief, does not constitute a sufficient basis on which Petitioner can affirmatively establish that he was prejudiced by appellate counsel's performance.

Because the Court did not err in its analysis of Claim 7(A), Petitioner is not entitled to relief under Rule 59(e). For the reasons set forth in its order and memorandum denying

---

[1] The court nonetheless noted, "In any event, the defendant failed to show what specific areas of inquiry he would have pursued if permitted, the questions he intended to ask, and the information he hoped to gain with further interrogation." *Blakley*, 204 Ariz. at 435, 65 P.2d at 83.

the amended habeas petition (Dkt. 75 at 41-44, 59-60), the Court will not expand the certificate of appealability to include Claim 7(A).

**Claim 22**

In his habeas petition, Petitioner alleged that Arizona's lethal injection protocol violated the Eighth Amendment. He did not raise such a claim in state court. This Court found the claim technically exhausted but procedurally barred due to an absence of available state remedies. Petitioner alleges that this determination was clearly erroneous, citing recent state court orders in other capital cases which, noting the Supreme Court's decision in *Baze v. Rees*, 553 U.S. 35 (2008), have permitted the filing of successive state post-conviction petitions challenging Arizona's lethal injection protocol. Based on these rulings, Petitioner requests the Court to stay his habeas proceedings while he returns to state court to exhaust this claim.

Even assuming that the Court's procedural analysis was erroneous, Petitioner is not entitled to relief under Rule 59(e) because Claim 22 is plainly meritless. The United States Supreme Court has never held that lethal injection constitutes cruel and unusual punishment, *see Baze*, 553 U.S. 35, and the Ninth Circuit has concluded that death by lethal injection in Arizona does not violate the Eighth Amendment. *See LaGrand v. Stewart*, 133 F.3d 1253, 1265 (9th Cir. 1998); *Poland v. Stewart*, 117 F.3d 1094, 1104-05 (9th Cir. 1997); *see also Dickens v. Brewer*, No. 07-CV1 770-NVW, 2009 WL 1904294 (D. Ariz. July 1, 2009) (Arizona's lethal injection protocol does not violate Eighth Amendment).

Because this claim is plainly meritless and Petitioner has failed to show good cause for not raising the claim in state court, it would be an abuse of discretion for the Court to permit stay and abeyance. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (stay and abeyance is appropriate only "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court" and the unexhausted claims are not plainly meritless).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Rule 59(e) Motion to Alter or Amend Judgment (Dkt. 77) is **DENIED**.

DATED this 18th day of February, 2010.

_/s/ Neil V. Wake_
Neil V. Wake
United States District Judge